# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Criminal Case No. 11-cr-00358-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTHONY PAUL BREAUX,

    Defendant.

## ORDER TO DISCLOSE GRAND JURY MATERIAL

This matter is before the Court on Government's Unopposed Motion to Disclose Grand Jury Material and Otherwise Private Health Information to Defendant (Doc. # 5), pursuant to Fed. R. Crim. P. 6(e) (3)(C)(i) and 16(d)(1), which discovery may be subject to the Health Insurance Portability and Accountability Act of 1996 and implementing regulations at 45 C.F.R. Parts 160 and 164 (collectively, "HIPAA").

Having reviewed the motion and being otherwise advised in the premises, the Court finds that good and sufficient cause supports the same, and it is, therefore,

ORDERED that the government's motion is granted, and that grand jury transcripts and documents produced pursuant to the grand jury investigation may be disclosed to the Defendant and his attorney in the course of discovery in this case. It is

FURTHER ORDERED that the discovery subject to the Health Insurance Portability and Accountability Act of 1996 and implementing regulations at 45 C.F.R.

Parts 160 and 164 (collectively, "HIPAA") may be disclosed to Defendant's attorney in the course of discovery in this case to expedite the flow of discovery material among the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect Protected Health Information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled.  Pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1), it is ORDERED as follows:

1. **Protected Health Information Defined.**  As used herein, Protected Health Information refers to information defined as protected health information in 45 C.F.R. 160.103.

2. **Production of Protected Health Information By The United States That May Be Subject To The Privacy Act, 5 U.S.C.§ 552a, to 45 C.F.R. §§ 164.102-164.534, or to 42 U.S.C. § 1306, or Other Privacy Protections.**  The United States may produce certain Protected Health Information to Defendant, pursuant to the Defendant's discovery requests and the government's discovery obligations in this case. In addition to the protection afforded by the Health Insurance Portability and Accountability Act of 1996 and implementing regulations at 45 C.F.R. Parts 160 and 164 (collectively, "HIPAA"), the Protected Health Information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, or to the provisions of 42 U.S.C. § 1306, or there may be no waiver by the patient to produce the Protected Health Information to any entity outside the United States. The United States shall produce Protected Health Information unredacted to Defendant's counsel or otherwise allow counsel access to such information at the United States Attorney's office upon the request by defense counsel, unless otherwise ordered by a Court of competent jurisdiction.  The Defendant,

including Defendant's respective counsel and their personnel, may use the Protected Health Information only for purposes of the litigation, and may disclose the Protected Health Information to non-parties to this litigation only as needed for the litigation. The Defendant shall not file documents containing Protected Health Information with, or submit Protected Health Information to, the Court or reproduce Protected Health Information in any court filing unless the document or filing containing Protected Health Information is placed under seal or all information that would identify the subject of the document or filing has been removed, or as the Court otherwise instructs. Within 30 days of the final conclusion of this litigation, Defendant shall return any released documents and all copies, as well as all notes, memoranda, summaries, or other documents containing Protected Health Information from the discovery documents, to counsel for the United States, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed.

    3.    **Production of Protected Health Information By Defendants That May Be Subject To HIPAA or Other Privacy Protections.** Defendants may produce Protected Health Information to the United States. In addition to the protection afforded by HIPAA, the Protected Health Information produced may be subject to other privacy protections or there may be no waiver by the patient to produce the records. Defendants shall not redact Protected Health information and shall produce the Protected Health Information unredacted to the extent permitted by law. Except as set forth below, the United States, including counsel for the United States and other personnel working on this litigation and their personnel who are working on this litigation, may use the Protected Health Information only for purposes of the litigation, and may disclose

Protected Health Information to non-parties to this litigation only as needed for the litigation. The United States shall not file documents containing Protected Health Information with or submit Protected Health Information to the Court or reproduce Protected Health Information in any court filing unless the document or filing containing Protected Health Information is placed under seal or all information that would identify the subject of the document or filing has been removed, or as otherwise instructed by the Court. Within 90 days of the final conclusion of this litigation, the United States shall return all documents and all copies of documents designated confidential, as well as all notes, memoranda, summaries, or other documents containing Protected Health Information to counsel for the Defendant or shall destroy them and certify in writing to counsel for the Defendant that the documents have been destroyed; except that counsel for the United States may maintain one copy of any document in their master file for this case and may maintain copies of any notes or summaries based on such documents in their master file for this case, provided that any such materials are clearly designated as confidential or affixed with another legend indicating that the materials are subject to this Protective Order.

    4.    **Designation of Material Subject to this Protective Order**. To designate "confidential" material covered by this Protective Order, the parties shall so designate, on the material itself, in an accompanying cover letter, or on a diskette covered with the

following designation: "CONFIDENTIAL HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER."

5.      **Non-Parties That Receive Protected Health Information Pursuant to Paragraphs 2 and 3 of This Protective Order.**  Subject to the exclusions from this Protective Order set forth in paragraph 12, any non-party that receives Protected Health Information pursuant to Paragraphs 2 and 3 of this Protective Order may use the Protected Health Information only for purposes of this litigation and may not disclose such Protected Health Information to anyone not specifically entitled to access under the Protective Order.  Moreover, any non-party that receives Protected Health Information pursuant to Paragraphs 2 and 3 agrees to subject himself/herself to the jurisdiction of this Court for the purposes of any proceeding: relating to the performance under, compliance with, or violation of this Order.  Non-party recipients of any Protected Health Information pursuant to this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential personal health information. In addition, non-party recipients of any Protected Health Information pursuant to this Protective Order shall have in place appropriate administrative, technical, and physical safeguards to protect the privacy of the Protected Health Information.

6.      **Confidential Health Information in Open Court.**  The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.

No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

7. **Filing of documents.** The parties shall submit any filings with protected information or grand jury materials under seal to the Clerk pursuant to the above paragraphs.

8. **Modification Permitted.** Nothing in this Order shall prevent any party form seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

9. **No Ruling on Discoverability Nor Admissibility.** This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any material.

10. **Unauthorized Disclosure.** Should any Protected Health Information be disclosed in a manner not authorized by this Protective Order, through inadvertence or otherwise, by a party or non-party, then the party or non-party that made the unauthorized disclosure shall use his/her best efforts to obtain the return of any such Protected Health Information and to bind the recipient of Protected Health Information to the terms of this Order and shall, within seven (7) business days of the discovery of such disclosure, inform the recipient of Protected Health Information of all provisions of this Order and identify such recipient to the party who designated the relevant Protected Health Information. Nothing in this paragraph limits the remedies that the party who designated the relevant Protected Health Information may pursue for breach of this Protective Order.

11. **Nontermination.** This Order shall survive the termination of the Litigation and shall continue in full force and effect thereafter.

12. **Disclosure to Agencies or Departments of the United States.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, confidential documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated confidential documents by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order.

13. **Search Warrant Affidavit.** This Order authorizes the Government to provide the defense an unredacted copy of the Search Warrant Affidavit submitted in support of a Search Warrant executed on or about April 7, 2011, subject to the terms and conditions described above for Protected Health Information.

DATED this __14th__ day of September, 2011.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge